WOLLMUTH MAHER & DEUTSCH LLP
Timothy A. DeLange (State Bar No. 190768)
7305 Heron Circle
Carlsbad, CA 92011
Phone: (212) 382-3300
Fax: (212) 382-0050
tdelange@wmd-law.com

Fletcher W. Strong (*pro hac vice* forthcoming)
500 Fifth Avenue
New York, NY 10538
Phone: (212) 382-3300
fstrong@wmd-law.com

*Attorneys for Defendants Archblock, Inc., TrustToken, Inc., and TrueCoin LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CELSIUS NETWORK LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCHBLOCK, INC., TRUSTTOKEN, INC., AND TRUECOIN LLC,<br><br>Defendants. | Case No.: 3:25-CV-8966-JD<br><br>**ANSWER**<br><br>**Judge: Hon. James J. Donato** |

Defendants' Archblock, Inc., TrustToken, Inc., and TrueCoin LLC ("Defendants"), submit this Answer and Affirmative Defenses to Plaintiff's Complaint.

1. Defendants deny the allegations in paragraph 1 of the Complaint.
2. Defendants deny the allegations in paragraph 2 of the Complaint.
3. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 3 of the Complaint.
4. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 4 of the Complaint.
5. Defendants deny the allegations in paragraph 5 of the Complaint.
6. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 6 of the Complaint.
7. Defendants deny the allegations in paragraph 7 of the Complaint.
8. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 8 of the Complaint.
9. Defendants admit the allegations in paragraph 9 of the Complaint.
10. Defendants admit the allegations in paragraph 10 of the Complaint.
11. Defendants admit the allegations in paragraph 11 of the Complaint.
12. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 12 of the Complaint.
13. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the Complaint.
14. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Complaint.
15. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 15 of the Complaint.
16. Defendants deny the allegations in paragraph 16 of the Complaint.
17. Defendants deny the allegations in paragraph 17 of the Complaint.
18. Defendants admit the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 20 of the Complaint.

21. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 21 of the Complaint.

22. Defendants admit that the quoted language appeared on the TrustToken website only. To the extent paragraph 22 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 22 of the Complaint.

23. Defendants admit that the quoted language appeared on the TrustToken website only. To the extent paragraph 23 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 23 of the Complaint.

24. Defendants admit that the cited link appeared on the TrustToken website only. the allegations in paragraph 24 of the Complaint. To the extent paragraph 24 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants admit that the quoted language appeared on the Archblock website only. To the extent paragraph 26 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27. Defendants admit that the Archblock website contained a "real-time reserve balance dashboard only. Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28. Defendants admit that the Archblock website contained a "terms of use" only. To the extent paragraph 28 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 28 of the Complaint.

29. Defendants admit the allegations in paragraph 29 of the Complaint.

30. Defendants admit the allegations in paragraph 30 of the Complaint.

31. Defendants admit the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 34 of the Complaint.

35. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 35 of the Complaint.

36. Defendants admit the allegations in paragraph 36 of the Complaint.

37. Defendants admit the allegations in paragraph 37 of the Complaint.

38. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants admit the allegations in paragraph 40 of the Complaint.

41. Defendants admit that the quoted language appears in the "terms of use" only. To the extent paragraph 41 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42. Defendants admit that the quoted language appears in the "terms of use" only. To the extent paragraph 42 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 42 of the Complaint.

43. Defendants admit that the quoted language appears in the "terms of use" only. To the extent paragraph 43 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 43 of the Complaint.

44. Defendants admit that the quoted language appears in the "terms of use" only. To the extent paragraph 44 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 44 of the Complaint.

45. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 48 of the Complaint.

49. Defendants admit that TrustToken and Celsius entered into a Cryptocurrency Purchase Agreement. To the extent paragraph 49 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants admit the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 54 of the Complaint.

55. Defendants admit that Celsius provided an authorization certificate and a copy of the Conversion order but deny all other allegations in paragraph 55 of the Complaint.

56. Defendants admit the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 59 of the Complaint.

60. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 60 of the Complaint.

61. Defendants admit the allegations in paragraph 61 of the Complaint.

62. Defendants admit the allegations in paragraph 62 of the Complaint.

63. Defendants admit that TrueCoin filed a proof of claim in the Prime Trust Chapter 11 bankruptcy. To the extent paragraph 63 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 63 of the Complaint.

64. Defendants admit the allegations in paragraph 64 of the Complaint.

65. Defendants admit that TrueCoin and TrustToken opposed the Foreign Currency Sale Motion. To the extent paragraph 65 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants admit that Alex de Lorraine emailed Celsius on the stated date. To the extent paragraph 69 asserts or implies any additional allegations, those allegations are denied.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants admit that Defendants have initiated legal proceedings against First Digital. To the extent paragraph 72 asserts or implies any additional allegations, those allegations are denied.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants admit that the SEC initiated an action against TrueCoin and TrustToken. allegations in paragraph 74 of the Complaint. To the extent paragraph 74 asserts or implies any additional allegations, those allegations are denied. Defendants deny the remaining allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants admit the allegations in paragraph 78 of the Complaint.

## FIRST CAUSE OF ACTION

## FRAUD – INTENTIONAL MISREPRESENTATION

**(Against all Defendants)**

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

87. Defendants deny the allegations in paragraph 87 of the Complaint.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

## SECOND CAUSE OF ACTION

### FRAUD – CONCEALMENT

**(Against all Defendants)**

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

95. Defendants deny the allegations in paragraph 95 of the Complaint.

96. Defendants deny the allegations in paragraph 96 of the Complaint.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants deny the allegations in paragraph 98 of the Complaint.

## THIRD CAUSE OF ACTION

### FRAUD – FALSE PROMISE

**(Against all Defendants)**

99. Defendants deny the allegations in paragraph 99 of the Complaint.

100. Defendants deny the allegations in paragraph 100 of the Complaint.

101. Defendants deny the allegations in paragraph 101 of the Complaint.

102. Defendants deny the allegations in paragraph 102 of the Complaint.

103. Defendants deny the allegations in paragraph 103 of the Complaint.
104. Defendants deny the allegations in paragraph 104 of the Complaint.
105. Defendants deny the allegations in paragraph 105 of the Complaint.
106. Defendants deny the allegations in paragraph 106 of the Complaint.

## FOURTH CAUSE OF ACTION

## CONVERSION

### (Against TrueCoin and TrustToken)

107. Defendants deny the allegations in paragraph 107 of the Complaint.
108. Defendants deny the allegations in paragraph 108 of the Complaint.
109. Defendants deny the allegations in paragraph 109 of the Complaint.
110. Defendants deny the allegations in paragraph 110 of the Complaint.
111. Defendants deny the allegations in paragraph 111 of the Complaint.
112. Defendants deny the allegations in paragraph 112 of the Complaint.
113. Defendants deny the allegations in paragraph 113 of the Complaint.
114. Defendants deny the allegations in paragraph 114 of the Complaint.
115. Defendants deny the allegations in paragraph 115 of the Complaint.

## FIFTH CAUSE OF ACTION

## MONEY HAD AND RECEIVED

### (Against TrueCoin and TrustToken)

116. Defendants deny the allegations in paragraph 116 of the Complaint.
117. Defendants deny the allegations in paragraph 117 of the Complaint.
118. Defendants deny the allegations in paragraph 118 of the Complaint.
119. Defendants deny the allegations in paragraph 119 of the Complaint.
120. Defendants deny the allegations in paragraph 120 of the Complaint.

## SIXTH CAUSE OF ACTION

## GROSS NEGLIGENCE

### (Against TrueCoin and TrustToken)

121. Defendants deny the allegations in paragraph 121 of the Complaint.

122. Defendants deny the allegations in paragraph 122 of the Complaint.
123. Defendants deny the allegations in paragraph 123 of the Complaint.
124. Defendants deny the allegations in paragraph 124 of the Complaint.
125. Defendants deny the allegations in paragraph 125 of the Complaint.
126. Defendants deny the allegations in paragraph 126 of the Complaint.
127. Defendants deny the allegations in paragraph 127 of the Complaint.
128. Defendants deny the allegations in paragraph 128 of the Complaint.

## SEVENTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

**(Against all Defendants)**

129. Defendants deny the allegations in paragraph 129 of the Complaint.
130. Defendants deny the allegations in paragraph 130 of the Complaint.
131. Defendants deny the allegations in paragraph 131 of the Complaint.
132. Defendants deny the allegations in paragraph 132 of the Complaint.
133. Defendants deny the allegations in paragraph 133 of the Complaint.
134. Defendants deny the allegations in paragraph 134 of the Complaint.
135. Defendants deny the allegations in paragraph 135 of the Complaint.
136. Defendants deny the allegations in paragraph 136 of the Complaint.
137. Defendants deny the allegations in paragraph 137 of the Complaint.
138. Defendants deny the allegations in paragraph 138 of the Complaint.
139. Defendants deny the allegations in paragraph 139 of the Complaint.
140. Defendants deny the allegations in paragraph 140 of the Complaint.

## EIGHTH CAUSE OF ACTION

### BREACH OF CONTRACT

**(Against TrueCoin)**

141. Defendants deny the allegations in paragraph 141 of the Complaint.
142. Defendants deny the allegations in paragraph 142 of the Complaint.
143. Defendants deny the allegations in paragraph 143 of the Complaint.

144. Defendants deny the allegations in paragraph 144 of the Complaint.
145. Defendants deny the allegations in paragraph 145 of the Complaint.
146. Defendants deny the allegations in paragraph 146 of the Complaint.
147. Defendants deny the allegations in paragraph 147 of the Complaint.
148. Defendants deny the allegations in paragraph 148 of the Complaint.

**NINTH CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY**

**(Against all Defendants)**

149. Defendants deny the allegations in paragraph 149 of the Complaint.
150. Defendants deny the allegations in paragraph 150 of the Complaint.
151. Defendants deny the allegations in paragraph 151 of the Complaint.
152. Defendants deny the allegations in paragraph 152 of the Complaint.
153. Defendants deny the allegations in paragraph 153 of the Complaint.

**TENTH CAUSE OF ACTION**

**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")**

**(Cal. Bus. & Prof. Code §§ 17200 et seq.)**

**(Against all Defendants)**

154. Defendants deny the allegations in paragraph 154 of the Complaint.
155. Defendants deny the allegations in paragraph 155 of the Complaint.
156. Defendants deny the allegations in paragraph 156 of the Complaint.
157. Defendants deny the allegations in paragraph 157 of the Complaint.
158. Defendants deny the allegations in paragraph 158 of the Complaint.
159. Defendants deny the allegations in paragraph 159 of the Complaint.
160. Defendants deny the allegations in paragraph 160 of the Complaint.
161. Defendants deny the allegations in paragraph 161 of the Complaint.

***Punitive Damages***

162. Defendants deny the allegations in paragraph 162 of the Complaint.
163. Defendants deny the allegations in paragraph 163 of the Complaint.

164. Defendants deny the allegations in paragraph 164 of the Complaint.
165. Defendants deny the allegations in paragraph 165 of the Complaint.
166. Defendants deny the allegations in paragraph 166 of the Complaint.
167. Defendants deny the allegations in paragraph 167 of the Complaint.
168. Defendants deny the allegations in paragraph 168 of the Complaint.

## PLAINTIFF'S REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to the requested relief and requests that the Court dismiss all claims against Defendants with prejudice and order such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants have not completed their full investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses asserted herein are based on Defendants' knowledge, information, and belief at this time. By asserting the defenses herein, Defendants have not knowingly and intentionally waived any applicable defenses and hereby expressly reserves the right to seek to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time. Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiff's claims, Defendants assert the following separate and additional affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim Upon Which Relief Can be Granted)**

Plaintiff's claims are barred, in whole or in part, because it has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver because Plaintiff manifested agreement through words and/or conduct to the allegations in the Complaint.

**FOURT AFFIRMATIVE DEFENSE**

**(Consent / Ratification)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and/or ratification because Plaintiff manifested agreement through words and/or conduct to the allegations in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Authorization)**

Plaintiff's claims are barred, in whole or in part, because at all relevant times, Defendants' alleged conduct was authorized.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands / Inequitable Conduct)**

Plaintiff's claims are barred, in whole or in part, to the extent discovery reveals the doctrines of unclean hands or *in pari delicto*, and/or inequitable conduct, apply.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Each of the claims of the Complaint, in whole or in part, is barred by the applicable statutes of limitations, including, but not limited to, by one or more statutes of limitations under applicable law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Release)**

Plaintiff's claims are barred, in whole or in part, to the extent discovery reveals they have been released.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

The right to relief on behalf of Plaintiff is barred by the doctrine of unjust enrichment. Plaintiff would be unjustly enriched if allowed to recover the relief claimed to be due.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Standing)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff have not sustained any cognizable injury, harm, or damage and therefore lack standing under Article III of the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's claims for damages are barred, in whole or in part, to the extent discovery reveals they failed to mitigate their damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join a Required Party)**

Plaintiff's claims for damages are barred, in whole or in part, because it has failed to join a party as required under Rule 19 of the Federal Rules of Civil Procedure.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Intervening or Superseding Cause)**

Plaintiff's claims are barred, in whole or in part, because the damages alleged in the Complaint, if any, were caused by persons and entities other than Defendants. Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, by Plaintiff against Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

Plaintiff's claims for damages are barred, in whole or in part, because any damage or loss Plaintiffs did incur as a result of any act or conduct by Defendants would be speculative at best and, thus, too uncertain for recovery.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Plaintiff's claims are barred, in whole or in part, because they assumed the risk.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

Plaintiff's claims for damages are barred, in whole or in part, because any damages were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Defendants.

**OTHER AFFIRMATIVE DEFENSE**

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants expressly reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

A. That judgment be entered in favor of Defendants;

B. That Plaintiff's take nothing by way of their Complaint and the claims asserted herein;

C. That the Complaint, and the claims against Defendants, be dismissed with prejudice;

D. That Defendants be awarded costs of suit, including attorneys' fees incurred in defense of this action; and

E. That Defendants be granted such other relief as the Court deems just and proper.

| | |
|---|---|
| 1  Dated: November 18, 2025 | |
| 2 | /s/ Timothy A. DeLange |
| 3 | Timothy A. DeLange (SBN 190768) |
|   | WOLLMUTH MAHER & DEUTSCH LLP |
| 4 | 7305 Heron Circle |
|   | Carlsbad, CA 92011 |
| 5 | Telephone: (212) 382-3300 |
|   | tdelange@wmd-law.com |
| 6 | |
| 7 | Fletcher W. Strong (*pro hac vice* forthcoming) |
|   | 500 Fifth Avenue |
| 8 | New York, New York 10110 |
|   | Telephone: (212) 382-3300 |
| 9 | fstrong@wmd-law.com |
| 10 | *Attorneys for Defendants Archblock, Inc.,* |
|    | *TrustToken, Inc., and TrueCoin LLC* |