WHITE & CASE LLP
Mark E. Gustafson (SBN 198902)
mgustafson@whitecase.com
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700

Keith H. Wofford (*pro hac vice*)
kwofford@whitecase.com
W. Dylan Fay (SBN 344572)
wfay@whitecase.com
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33166
Telephone: (305) 371-2700

Sean Gorman (*pro hac vice*)
sgorman@whitecase.com
609 Main Street, Suite 2900
Houston, TX 77002
Telephone: (713) 496-9700

Stephen Moeller-Sally (*pro hac vice*)
ssally@whitecase.com
75 State St.
Boston, MA 02109
Telephone: (617) 979-9300

Attorneys for Plaintiff,
*CELSIUS NETWORK LIMITED*

*Further parties in signature block below*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CELSIUS NETWORK LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARCHBLOCK, INC., TRUSTTOKEN, INC., AND TRUECOIN LLC,<br><br>　　　　　Defendants. | Case No. 3:25-cv-08966-JD<br><br>Hon. James J. Donato<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Initial CMC Date: February 12, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 11, 19th Fl.,<br>　　　　　United States Court House,<br>　　　　　450 Golden Gate Avenue,<br>　　　　　San Francisco, CA 94102 |

Plaintiff Celsius Limited Network ("Plaintiff" or "Celsius") and Defendants Archblock, Inc. ("Archblock"), TrustToken, Inc. ("TrustToken"), and TrueCoin LLC ("TrueCoin", together with Archblock and TrustToken, "Defendants", and together with Plaintiff, the "Parties") have met and conferred as required by Federal Rule of Civil Procedure 26(f) and this Court's Reassignment Order Setting Case Management Conference [Dkt. # 22]. Pursuant to Civil Local Rule 16-9, the Standing Order for Civil Cases Before Judge James Donato, the Standing Order for All Judges of the Northern District of California, and in advance of the Case Management Conference scheduled for February 12, 2026, the Parties hereby submit this combined, joint case management and Rule 26(f) statement.

**1. Jurisdiction and Service**

The Parties agree that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 exclusive of interest and costs and the Parties are completely diverse. The Parties also agree that this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. There are no pending issues regarding personal jurisdiction or venue, and no parties remain to be served.

**2. Facts**

Plaintiff's Statement

Prior to its commencement of bankruptcy proceedings in July 2022, Plaintiff and its affiliates operated a digital asset exchange. This case arises because of Defendants' fraud resulting in Plaintiff's inability to redeem (after over two years of attempts) approximately $13 million of deposits made with Defendants in exchange for "stablecoin" cryptocurrency tokens (called "TrueCurrency"), which were supposed to be "pegged" to reference currencies on a one-to-one basis such that one token is worth one "dollar," for example. Stablecoins were often used by Plaintiff (and other cryptocurrency platforms) and its customers as a digital substitute for cash.

As to several important allegations, it is unclear to Plaintiff exactly what Defendants dispute, from a factual perspective. For example, according to their Answer, Defendants "lack sufficient knowledge" to admit or deny Plaintiff's allegations that Defendants "did not back their stablecoins one-to-one with fiat currency as they promised"; "did not keep customers' money in safe, liquid investments, as promised"; and "did not deposit customers' funds in escrow accounts

with reliable fiduciary partners, as promised." Complaint and Answer, ¶ 6. And Plaintiff believes the facts will plainly establish that Defendant's promises regarding the backing of their TrueCurrency tokens and safety of the use of the deposited funds were all false.

But Defendants judicially admit multiple facts central to Plaintiffs' claims that Defendants defrauded Plaintiffs. Defendants' Answer admits that each TrueCurrency token reflected the right to receive the return of a unit of the corresponding fiat currency on a one-to-one basis. Complaint and Answer, ¶ 18. During relevant times, as Defendants' answer also admits (*see* Complaint and Answer, ¶¶ 22-24, 26-28), the websites of Defendants TrustToken and Archblock, among other things, contained statements relating to their TrueCurrency offerings, including:

- "Our stablecoins are fully collateralized, held in third-party escrow, and subject to live, independent on-chain attestations."
- "Fully Collateralized. Every TrueCurrency is 100% collateralized, with funds held in escrow by our custody partners."
- "Easily Mint & Redeem. Near-instant mints and redemptions powered by PrimeX and the Silvergate Exchange Network."
- "Fully Collateralized. Every TrueCoin is 100% collateralized, with assets held in escrow by our custody partners."
- "Easily Mint & Redeem. Near-instant mints and redemptions, powered by PrimeX."

Defendants' Answer admits that the TrustToken and Archblock websites contained "Terms of Use" language. Such language provided that it governed customers' "access to and use of" the website. Complaint and Answer, ¶¶ 23, 28. Such Terms of Use make representations regarding (i) the ability to redeem TrueCurrencies, (ii) the collateralization or "backing" of each TrueCurrency, and (iii) the reputation and qualities of the third parties who are purportedly "escrowing" the TrueCurrencies and underlying fiat currency. Complaint and Answer ¶¶ 41-44.

Defendants' Statement

Defendants disagree with the factual representations described by Plaintiff. Archblock is a Delaware corporation with its principal place of business in Burlingame, California. It was formerly known as TrustLabs, Inc. TrueCoin and TrustToken are both subsidiaries of Archblock, however the entities are entirely separate and engaged in separate business relationships. TrueCoin was registered as a money service business and developed stablecoins to, among other things, allow users

to deposit applicable fiat currency into an escrow account. Unlike TrueCoin, which managed stablecoins, TrustToken is engaged in the business of software development and is primarily responsible for developing and launching other Archblock product lines, such as TrueFi, a decentralized protocol for uncollateralized on-chain lending, and Archblock Institutional Platform, a marketplace for portfolio managers.

Beginning in 2019, through the collapse of the entity Prime Trust LLC ("Prime Trust"), Plaintiff and Defendants engaged in a series of contractual relationships, including a stablecoin partnership where Celsius' customers would mint TrueCoin's stablecoins directly to their Celsius wallet. Defendants were not involved in that process between Celsius and their own customers.

The fiat reserves underlying the stablecoins for these transactions were held by Prime Trust, as escrow agent. Defendants did not make any fraudulent or negligent representations or promises to Plaintiff, who was aware of the stablecoin process, including Prime Trust's role as escrow agent. Celsius alleges that the fiat reserves underlying the stablecoins are not readily redeemable and has chosen to bring certain claims against Defendants, rather than Prime Trust. However, any issues concerning redeemability were due to misconduct by Prime Trust, which is currently going through bankruptcy. As such, any fiat reserves at Prime Trust are currently stuck in the bankruptcy process and any claims Plaintiff has, should rightfully be asserted against Prime Trust in their bankruptcy proceeding. Additionally, certain of Celsius' fiat reserves are held by First Digital Trust "FDT" and thus redemption has been delayed as a result of the Aria Commodity Finance Fund. As with Prime, Celsius' claims for any amounts should be asserted against FDT.

**3. Legal Issues**

Plaintiff's Statement

Plaintiff's claims include state law common law claims for fraud (including intentional misrepresentation, fraudulent concealment, false promises, and negligent misrepresentation), bailment (conversion, and money had and received), breach of contract, and breach of fiduciary duty. Plaintiff also makes a statutory unfair competition claim based on (i) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and (ii) based on violations of the California False Advertising Law, Bus. & Prof. Code §§ 17500 *et seq.* Plaintiff seeks punitive

1  damages in connection with its claims for fraud, conversion, and breach of fiduciary duty, and based
2  on California Civil Code § 3294.

3      Defendants' Statement

4      Defendants deny that they have violated any laws, deny that Plaintiff has stated any claim
5  under any legal theory, and deny that Plaintiff may pursue claims against Defendants rather than
6  other entities culpable in any alleged wrongdoing. The primary legal issues at this stage include
7  whether Plaintiff has stated a claim for state law common law fraud (including intentional
8  misrepresentation, fraudulent concealment, false promises, and negligent misrepresentation),
9  bailment (conversion, and money had and received), breach of contract, and breach of fiduciary
10 duty or a statutory unfair competition claim based on (i) California's Unfair Competition Law, Cal.
11 Bus. & Prof. Code §§ 17200 *et seq.*, and (ii) based on violations of the California False Advertising
12 Law, Bus. & Prof. Code §§ 17500 *et seq*.

13     **4. Motions**

14     No motions have yet been made in the case. Plaintiff does not anticipate filing any motions
15 at this time. Defendants' do not anticipate filing any motions at this time. The Parties also reserve
16 the right to file any discovery motions as necessary.

17     **5. Amendment of Pleadings**

18     Additional parties are not anticipated; however, the Parties agree that the deadline to amend
19 pleadings, including adding any additional claims and/or adding any additional parties shall be set
20 for 45 days after entry of the Court's scheduling order.

21     **6. Evidence Preservation**

22     The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored
23 Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R.
24 Civ. Proc. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to
25 issues reasonably evident in this action. Counsel for the Parties, in compliance with their discovery
26 obligations, have advised their respective clients of their obligations to preserve any information
27 that may reasonably be relevant to this case. The Parties will take all reasonable and proportionate
28

steps to preserve evidence relevant to the issues reasonably evident in this action.  The Parties plan to further confer on the form of the ESI protocol and whether an ESI order will be necessary.

**7. Disclosures**

The Parties each served initial disclosures within 14 days after their Fed. R. Civ. P. 26(f) conference (on January 21, 2026) and are reviewing such disclosures.  In compliance with the Rule 26(a), Plaintiff's initial disclosures disclose (i) potential witnesses and their emails; (ii) a copy—or a description by category and location—of all relevant evidence that Plaintiff has in its control; (iii) a computation of each category of damages claimed by Plaintiff; and (iv) that there is no insurance coverage for the asserted claims. In compliance with the Rule 26(a), Defendants' initial disclosures disclose (i) potential witnesses and contact information; (ii) a copy—or a description by category and location—of all relevant evidence that Defendants have in their control; (iii) confirmation that Defendants are not currently claiming damages at this time; and (iv) that there is no insurance coverage for the asserted claims.

**8. Discovery**

The Parties have not yet commenced formal discovery. Among other subjects to be developed later, the scope of anticipated discovery will include the Parties' knowledge of the relevant agreements and transactions, as well as the disclosures and representations related to the agreements and transactions.  The Parties incorporate their views regarding a discovery plan herein. The Parties have also considered entering a stipulated an ESI order, and protective order, but the Parties have not agreed to the form of such an order at this time.  The Parties have nonetheless agreed to comply with the general provisions of Rule 26 and the Court's Standing Order Regarding Civil Discovery; however, the Parties respectfully request an opt-out from the Court's requirement that the Parties "preserve all drafts of expert reports (partial or complete), notes and other evidence of communications with experts (or with any intermediaries between counsel and the experts) on the subject of the expert's actual or potential testimony, and shall instruct their experts and any intermediaries to do likewise."  Standing Order Regarding Civil Discovery ¶ 17.

**9. Related Cases**

The Parties are unaware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**10. Relief**

<u>Plaintiff's Statement</u>

Plaintiff seeks: (1) judgment in favor of Plaintiff on each of its claims; (2) an award of actual damages equal to the U.S. dollar value, as of the date of judgment, of the foreign currency corresponding to Plaintiff's holdings of TrueCurrency tokens, assuming a one-to-one parity between TrueCurrency tokens and the corresponding foreign currency; (3) an award of restitution and disgorgement under California Business and Professions Code §§ 17203 and 17535, requiring Defendants to restore to Plaintiff and its creditors all funds wrongfully obtained through unlawful, unfair, or misleading business practices and false advertising; (4) an award of punitive and exemplary damages under California Civil Code § 3294, in an amount sufficient to punish Defendants for their fraudulent, malicious, and oppressive conduct and to deter similar wrongdoing in the future; (5) an award of prejudgment interest on all damages awarded; (6) an award of Plaintiff's costs and expenses of suit, including reasonable attorneys' fees as permitted by law; and (7) other and further relief as the Court may deem just and proper.

<u>Defendants' Statement</u>

Defendants pray for judgment as follows: (1) that judgment be entered in favor of Defendants; (2) that Plaintiff takes nothing by way of their Complaint and the claims asserted herein; (3) that the Complaint, and the claims against Defendants, be dismissed with prejudice; (4) that Defendants be awarded costs of suit, including attorneys' fees incurred in defense of this action; and (5) that Defendants be granted such other relief as the Court deems just and proper.

**11. Settlement and ADR**

Pursuant to Local Civil Rule 16-8(b) and ADR Local Rule 3-5(b), counsel for each of the Parties met and conferred regarding Alternative Dispute Resolution ("ADR"). Plaintiff filed its ADR Certification on December 30, 2025, [Dkt. # 27], and Defendants filed their ADR Certification on January 15, 2026, [Dkt. # 28]. The Parties prefer to discuss ADR selection with Judge Donato

at the Case Management Conference. As of now, the Parties have agreed that mediation is the preferred choice for an ADR procedure.

**12. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**13. Narrowing of Issues**

The Parties do not presently have any suggestions for narrowing the issues in this case.

**14. Scheduling**

Plaintiff's Statement:

Plaintiff proposes the following schedule: close of fact discovery on February 12, 2027 (18 weeks before dispositive motion hearing deadline); expert disclosures on February 22, 2027; rebuttal expert disclosures on March 22, 2027; close of expert discovery on April 19, 2027; last day to hear dispositive and *Daubert* motions on June 17, 2027 (6 weeks before pretrial conference); pretrial conference on July 29, 2027; and trial on August 16, 2027.

Defendants' Statement:

Defendants propose the following schedule: close of fact discovery on February 12, 2027; expert disclosures on April 12, 2027; rebuttal expert disclosures on June 11, 2027; close of expert discovery on June 11, 2027; last day to hear dispositive and *Daubert* motions on August 13, 2027 (6 weeks before pretrial conference); pretrial conference on September 24, 2027; and trial on November 8, 2027.

**15. Trial**

The Parties have not demanded a jury trial. Thus, the case will be tried to the Court. The Parties expect the trial to last four (4) days.

**16. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff's Statement:

Plaintiff has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15, [Dkt. # 15], certifying that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities

1  (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or
2  (ii) have a non-financial interest in that subject matter or in a party that could be substantially
3  affected by the outcome of this proceeding:

   a) The following affiliates of Celsius Network Limited: Celsius Network LLC, Celsius Lending LLC and Celsius Networks Lending LLC;

   b) The Litigation Oversight Committee of Celsius Network LLC and its affiliated Post-Effective Date Debtors, comprising: Gerard Uzzi, Vikram Jindal, Deirdre O'Connor, Mark Robinson, Cameron Crews, Pamela Corrie, and David Adler; and

   c) The Blockchain Recovery Investment Consortium LLC ("BRIC"), as Complex Asset Recovery Manager and Litigation Administrator for Celsius Network LLC and its affiliated Post-Effective Date Debtors, and BRIC's members: GXD Labs LLC and VanEck Absolute Return Advisers Corporation.

Defendants' Statement:

Defendants state that non-parties Prime Trust LLC and First Digital Trust may have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. Defendants are not currently aware of any other non-party interested entities or persons that must be disclosed.

**17. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**18. Other Matters**

The Parties do not know at this time of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: February 5, 2026

| | |
|---|---|
| */s/ Timothy A. DeLange* | */s/ Mark E. Gustafson* |
| Timothy A. DeLange (SBN 190768) | Mark. E. Gustafson (SBN 198902) |
| WOLLMUTH MAHER & DEUTSCH LLP | WHITE & CASE LLP |
| 7305 Heron Circle | 555 S. Flower Street |
| Carlsbad, CA 92011 | Los Angeles, CA 90071 |
| Telephone: (212) 382-3300 | Telephone: (213) 620-7700 |
| tdelange@wmd-law.com | mgustafson@whitecase.com |
| | |
| Fletcher W. Strong (*pro hac vice* forthcoming) | Keith H. Wofford (*pro hac vice*) |
| fstrong@wmd-law.com | kwofford@whitecase.com |
| 500 Fifth Avenue | W. Dylan Fay (SBN 344572) |
| New York, New York 10110 | wfay@whitecase.com |
| Telephone: (212) 382-3300 | 200 S. Biscayne Blvd., Suite 4900 |
| | Miami, FL 33166 |
| | Telephone: (305) 371-2700 |
| *Attorneys for Defendants Archblock, Inc., TrustToken, Inc., and TrueCoin LLC* | |
| | Sean Gorman (*pro hac vice*) |
| | sgorman@whitecase.com |
| | 609 Main Street, Suite 2900 |
| | Houston, TX 77002 |
| | Telephone: (713) 496-9700 |
| | |
| | Stephen Moeller-Sally (*pro hac vice*) |
| | ssally@whitecase.com |
| | 75 State St. |
| | Boston, MA 02109 |
| | Telephone: (617) 979-9300 |
| | |
| | Attorneys for Plaintiff, |
| | *CELSIUS NETWORK LIMITED* |